UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **LENORA HAMILTON BOLDEN** | * | **CIVIL ACTION NO.   07-0851** |
| **VERSUS** | * | **JUDGE WALTER** |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAGISTRATE JUDGE HAYES** |

### REPORT & RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. The appeal was referred to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons assigned below, it is recommended that the decision of the Commissioner be **AFFIRMED**, and this matter **DISMISSED** with prejudice.

### Background & Procedural History

Lenora Hamilton Bolden filed applications for Disability Insurance Benefits and Supplemental Security Income payments on March 22, 2002. (Tr. 30-38). An Administrative Law Judge ("ALJ") denied the claims on May 29, 2003, and further review is not indicated by the record. *Id*. Bolden filed the instant applications for Disability Insurance Benefits and Supplemental Security Income payments on February 3, 2005, and November 18, 2004, respectively. (Tr. 55-57, 133-134). She alleged disability since May 30, 2003, due to "manic-bipolar." (Tr. 55, 91).[1] The claims were

---

[1] The period at issue here extends from the date following the ALJ's denial of plaintiff's prior application through the date of the ALJ's current decision. (*i.e.*, May 30, 2003- August 11, 2006).

denied at the initial stage of the administrative process. (Tr. 42, 44-47, 135-139). Thereafter, Bolden requested, and received an April 11, 2006, hearing before an Administrative Law Judge ("ALJ"). (Tr. 140-166). However, in an August 11, 2006, written decision, the ALJ determined that Bolden was not disabled under the Act, finding at Step Four of the sequential evaluation process that she retained the residual functional capacity to return to past relevant work as a secretary, substitute teacher, and housekeeper. (Tr. 11-19). Bolden appealed the adverse decision to the Appeals Council. On March 23, 2007, the Appeals Council denied Bolden's request for review; thus the ALJ's decision became the final decision of the Commissioner. (Tr. 4-6).

On May 17, 2007, Bolden sought review before this court. She essentially alleges the following errors:

    (1)    the ALJ's residual functional capacity is not supported by substantial evidence; and

    (2)    the matter should be remanded for consideration of new evidence.[2]

## Standard of Review

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind

---

[2] Plaintiff's pro se brief does not set forth any specific arguments to support reversal or remand. Rather, it generally asserts plaintiff's ongoing impairments and their effects upon her work capacity. Plaintiff also attached to her brief some medical records from 1996 and 1987. The court has liberally construed and framed plaintiff's "arguments" in a light most favorable to her.

might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## Determination of Disability

Pursuant to the Social Security Act ("SSA"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The SSA defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the SSA utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the SSA. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the SSA. *See* 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows,

> (1) An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.
>
> (2) An individual who does not have a "severe impairment" of the requisite duration will not be found to be disabled.
>
> (3) An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.
>
> (4) If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.
>
> (5) If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

*See, Boyd v. Apfel*, 239 F.3d 698, 704 -705 (5th Cir. 2001); 20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## **Analysis**

The ALJ found at Step Two of the sequential evaluation process that Bolden suffered from severe impairments of provisional bipolar disorder and provisional personality disorder. (Tr. 16). However, the ALJ concluded that the impairments were not severe enough to meet or medically equal any of the impairments listed in the Category of Impairments in Appendix 1 to Subpart P, Social Security Regulations No. 4. (Tr. 16). The ALJ then determined that Bolden retained the

residual functional capacity for medium work reduced by moderate limitations on her ability to relate to co-workers, supervisors, and the public or to engage in socially appropriate behavior. (Tr. 17).[3]

Plaintiff contends that she continues to experience symptoms of "rage, tension, and instability," and that she can only work under "controlled" conditions. (Pl. Brief, pgs. 2, 4). Nonetheless, the record before the Commissioner does not reveal any evidence of medical treatment during the relevant period. The only medical assessments of plaintiff's impairments and their effects consists of two consultative examinations and the opinion of a non-examination agency physician.

---

[3] Medium work is defined and explained by Social Security Ruling 83-10. It provides:
> [t]he regulations define medium work as lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. A full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds. As in light work, sitting may occur intermittently during the remaining time. Use of the arms and hands is necessary to grasp, hold, and turn objects, as opposed to the finer activities in much sedentary work, which require precision use of the fingers as well as use of the hands and arms.
>
> The considerable lifting required for the full range of medium work usually requires frequent bending-stooping. (Stooping is a type of bending in which a person bends his or her body downward and forward by bending the spine at the waist). Flexibility of the knees as well as the torso is important for this activity. (Crouching is bending both the legs and spine in order to bend the body downward and forward). However, there are a relatively few occupations in the national economy which require exertion in terms of weights that must be lifted at times (or involve equivalent exertion in pushing or pulling), but are performed primarily in a sitting position, e.g., taxi driver, bus driver, and tank-truck driver (semi-skilled jobs). In most medium jobs, being on one's feet for most of the workday is critical. Being able to do frequent lifting or carrying of objects weighing up to 25 pounds is often more critical than being able to lift up to 50 pounds at a time.

Social Security Ruling 83-10

However, the medical record substantially supports the ALJ's residual functional capacity determination. For instance, on April 18, 2005, plaintiff was examined by William Allums, M.D. at the request of Disability Determination Services. (Tr. 126-128). He noted that Bolden works two days per week for four hours per day. *Id*. She exhibited a full range of motion in all joints and no evidence of active inflammation. *Id*. Muscle strength was 5/5 in all groups, with no evidence of muscular wasting. *Id*. Allums opined that Bolden had no limitations to her work-related functions. *Id*.

On March 21, 2005, plaintiff underwent a mental status examination with Thomas E. Staats, Ph.D. (Tr. 105-107). Dr. Staats noted that Bolden presented in a loud, histrionic manner. *Id*. She stated that she managed adequately without medication, and denied current psychotic features. *Id*. She reported that she was hospitalized in 1991 and 1987. *Id*. She further stated that she worked 8-12 hours per week cleaning houses. *Id*. She denied anxiety and excessive worry. *Id*. Dr. Staats found that Bolden's thinking was intact, logical, and coherent. *Id*. She was oriented to person, place, time, and situation. *Id*. Her memory was intact; her concentration and social judgment were adequate. *Id*. Her social interaction and adaptation were fair. *Id*. Staats diagnosed provisional bipolar disorder, most recent episode hypomanic and provisional personality disorder NOS with histrionic, passive aggressive, and paranoid features. *Id*.

Relying upon Dr. Staats's findings, a non-examining agency physician, William Berzman, Ph.D., completed a Mental Residual Functional Capacity Assessment on April 4, 2005. (Tr. 122-124). He indicated that Bolden suffered moderate limitations in her ability to: work in coordination or proximity to others; complete a normal workday and workweek without interruptions; interact appropriately with the general public; accept instructions and interact appropriately with supervisors; get along with coworkers or peers without distracting them; and to maintain socially appropriate

behavior. *Id*. All other activities were not significantly limited. *Id*. The ALJ substantially incorporated the limitations recognized by Berzman into his residual functional capacity determination.[4]

Attached to plaintiff's brief are four pages of medical records from 1996 and 1987 which do not appear in the record. (Pl. Exhs. 1-3). However, a court sitting in review is not at liberty to consider the effect of, and apply new evidence that was not before the Commissioner. Rather, the court must decide whether the matter should be remanded for consideration of the new evidence. The court may order additional evidence to be taken before the Commissioner "only upon a showing that there is new evidence which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Pierre v. Sullivan,* 884 F.2d 799, 803 (5th Cir. 1989) (citing, 42 U.S.C. § 405(g)). To justify remand, the evidence must be "new," and not merely cumulative of what is already in the record. *Id*. (citation omitted). The evidence must also be "material"; *i.e.*, relevant, probative, and likely to have changed the outcome of the Commissioner's determination. *Id*. Finally, the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record. *Id*.

In the case *sub judice*, the proffered medical records all predate by at least seven years the relevant period at issue here. The 1996 document is a To Whom it May Concern letter from a doctor

---

[4] One arguably significant omission from the ALJ's assessment is Berzman's finding that plaintiff suffered moderate limitation in her ability to complete a normal workday and workweek without interruptions. (Tr. 123). On the form completed by Berzman, this mental activity was included under the section titled, "Sustained Concentration and Persistence." *Id*. However, the examining physician, Dr. Staats, indicated that Bolden exhibited adequate concentration and fair persistence. (Tr. 106-107). To the extent that the limitations assessed by Dr. Berzman exceed the findings of the examining physician, the ALJ did not err in implicitly rejecting the severity of the limitation. *See, Carrier v. Sullivan*, 944 F.2d 243, 246 (5th Cir.1991)(quoted source omitted) ("an ALJ may properly rely on a non-examining physician's assessment when ... those findings are based upon a careful evaluation of the medical evidence and do not contradict those of the examining physician").

noting that plaintiff had been treated for Recurrent Bipolar Affective Manic Depressive type and that she was taking medication. (Pl. Exh. 1). However, plaintiff acknowledged that she stopped taking her medication in 1996. (Tr. 153). The 1987 records merely document plaintiff's involuntary admission to a mental health facility. (Pl. Exhs. 2-3). However, Dr. Staats noted the forced admission in his report. (Tr. 105). In sum, plaintiff has not demonstrated that her evidence is new or material. Moreover, plaintiff has not demonstrated good cause for failing to timely incorporate the evidence into the administrative record. Accordingly, the court cannot remand for consideration of the new evidence. *Pierre, supra*; *Thomas v. Apfel*, 1998 WL 458187 (E.D. La. 1998) (plaintiff's unexplained failure to timely submit evidence to Appeals Council does not warrant remand for consideration of the evidence).

At Step Four of the sequential evaluation process, the ALJ relied upon vocational expert ("VE") testimony to determine that plaintiff could return to her past relevant work as a secretary, substitute teacher, and housekeeper. (Tr. 18, 156-157). At the hearing, Bolden stated that she never really alleged that she was disabled; in fact she admitted that she had no physical problems. (Tr. 148-149, 150). Rather, she believed that she qualified for disability benefits because she could not return to the work that she performed before her injury. (Tr. 148-149). However, it is important to emphasize that past relevant work is defined as "the actual demands of past work or 'the functional demands ... of the occupation as generally required by employers throughout the national economy.'" *Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987) (citing, Social Security Ruling 82-61). It is apparent that the ALJ determined that plaintiff could return to her past relevant work not as she *actually* performed it, but as the work is generally required by employers throughout the national economy. (*See*, Tr. 18, 156-157).

Plaintiff contends that her mental impairments prevent her from working. (Tr. 150-151).

8

Nevertheless, at the time of the hearing, Bolden acknowledged that she operated her own home cleaning business. (Tr. 145-146). The ALJ also documented the VE's opinion that plaintiff could make an adjustment to other jobs that exist in substantial numbers in the national economy, including, cook's helper, kitchen helper, cashier, and ticket seller. (Tr. 18-19). Thus, he alternatively determined that plaintiff was not disabled at Step Five of the sequential evaluation process. Plaintiff does not challenge this finding.

For the reasons stated above, the undersigned finds that the Commissioner's decision is supported by substantial evidence and is free of legal error. Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision to deny benefits be **AFFIRMED**, and that this civil action be **DISMISSED** with prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 12th day of May, 2008.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE